IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PATRICK NEAL KOONTZ,                              Case No. 3:10-cv-6227-HU

               Plaintiff,            FINDINGS AND RECOMMENDATION

   v.

MAX WILLIAMS, et al.,

          Defendants.

HUBEL, Magistrate Judge

Plaintiff, an inmate at the Oregon State Correctional Institution, brings this civil rights action *pro se*. For the reasons set forth below, this action should be dismissed for failure to comply with a court order and lack of prosecution.

**BACKGROUND**

On or about July 27, 2010, plaintiff filed a 98-page complaint challenging the conditions of his confinement. On September 21, 2010, I issued an order requiring plaintiff to file an amended complaint, using the form complaint supplied by the court, which complies with Fed. R. Civ. P. 8(a). Plaintiff was advised to set

1 -- FINDINGS AND RECOMMENDATION

forth a short and plain statement of his claims for relief, and to omit the *daily* account of his interaction with defendants.

Following the issuance of that order, plaintiff was transferred to different facilities on two occasions (<u>see</u> Notices of Change of Address (#8) & (#9)), and filed multiple motions, supported by lengthy affidavits, as follows:

• October 6, 2010 - Plaintiff moves the court for permission to edit his already typed complaint, rather than using the court-supplied form complaint. Plaintiff states that he understands the flaws noted by the court and will amend his "typed version to correct said flaws."

• November 19, 2010 - Plaintiff moves the court to stay indefinitely the filing of his amended complaint to permit him to exhaust administrative remedies concerning his placement in the Disciplinary Segregation Unit (DSU); and because he has been transferred twice and, until recently, denied access to the law library.

• March 16, 2011 - Plaintiff moves for an extension of time, and for leave to file supplemental claims as part of his amended complaint. Plaintiff explains that he was released from DSU on November 7, 2010, and most of his efforts since that time have been devoted to drafting a petition for state post-conviction relief. Plaintiff states that he completed his petition for post-conviction relief on March 4, 2011, and is again devoting his time to editing his complaint.

• June 15, 2011 - Plaintiff moves for an extension of time on the basis that he was assaulted by an inmate on May 28, 2011, and was placed in DSU. He was released from DSU on June 2, 2011. Plaintiff complains that he has "been typically allotted four (4) law library sessions lasting 2 to 2 ½ hours per week," but often misses 1-3 hours of those sessions due to scheduling conflicts. Plaintiff also complains of the quality of the inmate legal assistants, and his poor working relationship with the law librarian.

• August 12, 2011 - Plaintiff moves for an extension of time complaining that his job in the kitchen at OSCI (5 hours per day, five days per week) is interfering with his time in the law

library.  Additionally, plaintiff states that he has missed several library appointments due to scheduling disruptions.  Finally, plaintiff complains that he has limited storage in his cell, and he is being harassed by other inmates which has "impaired [his] ability to focus on completing [his] complaint."

This court granted all the foregoing extensions, giving plaintiff approximately one year to submit his amended complaint. In his current motion, plaintiff again cites to his need for library time in excess of his allotted four days per week. Plaintiff notes that he has had difficulties with the law librarian, the prison computer system, and unexpected library closures.  Additionally, plaintiff states that he has difficulty focusing on complex legal matters due to two new medications prescribed for him, and because of the noise level in the library. Plaintiff attaches to his motion inmate communication forms submitted to the law librarian indicating his weekly library access.

## DISCUSSION

As outlined above, this court has granted plaintiff multiple extensions in order to permit him to edit his 98-page complaint, and reduce it to a short and plain statement of his claims for relief.  Early on in this proceeding, I advised plaintiff that the failure to file an amended complaint may result in the dismissal of this proceeding.  Order #13.  In August, 2011, I extended the time for plaintiff to file an amended complaint to October 14, 2011, and advised him that no further extensions would be granted.  Order

3 -- FINDINGS AND RECOMMENDATION

#25.  Despite these warnings, plaintiff has failed to submit an amended complaint.

This court weighs the following factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987); Paqtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

This case has been pending since July, 2010.  On September 21, 2010, I ordered plaintiff to file an amended complaint.  Rather than amend his complaint, plaintiff has engaged in motion practice with the court.  The public's interest in expeditious resolution of litigation, and the court's need to manage its docket, weighs in favor of dismissal.  The unreasonable one-year delay similarly supports the conclusion that defendants will be prejudiced in responding to plaintiff's allegations which include conduct occurring as far back as 2008.  See Paqtalunan, 291 F.3d at 643.

Further, this court has given plaintiff multiple extensions of time, and outlined what plaintiff must do in order to comply with Fed. R. Civ. P. 8.  Plaintiff has submitted multiple and lengthy reasons for needing additional time to amend his complaint. However, his latest motion indicates that he has received

considerable access to the law library, but nevertheless has failed to amend his complaint as ordered by the court. At this juncture, the court has no reason to believe that another extension will result in the filing of an amended complaint. For all of these reasons, the final factor weighs in favor of dismissal.

In sum, all of the factors (except the policy in favor of disposing of cases on their merits) weigh in favor of dismissing this action. Accordingly, plaintiff's motion for extension of time (#30) should be DENIED, and this proceeding DISMISSED for failure to comply with a court order and lack of prosecution.

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 21, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due December 8, 2011. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this _1st___ day of November, 2011.


_/s/ Dennis J. Hubel _____
Dennis J. Hubel
United States Magistrate Judge


5 -- FINDINGS AND RECOMMENDATION