IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**PATRICK NEAL KOONTZ,**                           3:10-CV-06227-HU

        **Plaintiff,**                              ORDER

v.

**MAX WILLIAMS,** *et al.*,

        **Defendants.**

**BROWN, Judge.**

    Magistrate Judge Dennis J. Hubel issued Findings and Recommendation (#34) on November 11, 2011, in which he recommends this Court deny Plaintiff's Motion (#30) for Extension of Time and dismiss this proceeding for failure to comply with a court order and for lack of prosecution. Plaintiff filed timely Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

On July 29, 2010, Plaintiff filed an Application to Proceed *In Forma Pauperis* and a 98-page Complaint in which he appeared to allege he (1) suffered unconstitutional conditions of confinement related to a fall from his upper bunk; (2) was denied adequate medical treatment; (3) was denied access to the courts and the prison grievance procedure; (4) suffered retaliation; (5) suffered an unreasonable seizure; and (6) was denied equal protection.

On September 21, 2010, Magistrate Judge Hubel issued an Order to Proceed *In Forma Pauperis* and To Amend. In that Order the Magistrate Judge noted the following deficiencies in Plaintiff's Complaint: (1) it is 98 pages long and includes exhibits and diagrams inserted in the middle of the document; (2) Plaintiff failed to list the name of all Defendants in the caption; and (3) although Plaintiff sets out his "legal claims" at pages 92-93 "in a reasonably succinct manner, additional claims appear to be scattered throughout the complaint." The Magistrate Judge properly noted Federal Rule of Civil Procedure

2 - ORDER

8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and concluded Plaintiff's Complaint fails to comply with Rule 8(a). Accordingly, the Magistrate Judge confirmed the provisional *in forma pauperis* status given Plaintiff, but directed Plaintiff to file an amended complaint curing the deficiencies set out in the Court's Order no later than October 21, 2010. The Magistrate Judge advised Plaintiff that failure to file an amended complaint "may result in the dismissal of this proceeding, with prejudice."

Over the course of the year following the September 21, 2010, Order, Plaintiff filed five motions that included lengthy affidavits in effect seeking extensions of time to file an amended complaint. Plaintiff's grounds for seeking the extensions included being transferred to another facility, inadequate access to the law library, use of his time to draft a petition for state post-conviction relief, placement in the Disciplinary Segregation Unit (DSU), working in the kitchen, inadequate storage in his cell, and scheduling disruptions that caused him to miss appointments at the law library. The Magistrate Judge granted all of Plaintiff's extensions and ultimately allowed Plaintiff over one year to file an amended complaint.

On October 18, 2011, Plaintiff filed a Motion for Extension of Time to File Amended Complaint in which he sought a 30-day

3 - ORDER

extension of time to file an amended complaint.

As noted, on November 1, 2011, Magistrate Judge Hubel issued Findings and Recommendation in which he recommends this Court deny Plaintiff's October 18, 2011, Motion for Extension of Time and dismiss this matter with prejudice for failure to comply with a Court Order.  The Magistrate Judge reasoned:

> This case has been pending since July, 2010.  On September 21, 2010, I ordered plaintiff to file an amended complaint. Rather than amend his complaint, plaintiff has engaged in motion practice with the court.  The public's interest in expeditious resolution of litigation, and the court's need to manage its docket, weighs in favor of dismissal.  The unreasonable one-year delay similarly supports the conclusion that defendants will be prejudiced in responding to plaintiff's allegations which include conduct occurring as far back as 2008.  *See Pagtalunan*, 291 F.3d at 643.
>
> Further, this court has given plaintiff multiple extensions of time, and outlined what plaintiff must do in order to comply with Fed. R. Civ. P. 8. Plaintiff has submitted multiple and lengthy reasons for needing additional time to amend his complaint.  However, his latest motion indicates that he has received considerable access to the law library, but nevertheless has failed to amend his complaint as ordered by the court.  At this juncture, the court has no reason to believe that another extension will result in the filing of an amended complaint.  For all of these reasons, the final factor weighs in favor of dismissal.

Findings and Recommendation at 4-5.

In his Objections to the Findings and Recommendation, Plaintiff continues to assert he is unable to file an amended complaint due to limited access to the library and contends "the granting of one last motion for extension of time for 30 days,

4 - ORDER

which is the shortest extension plaintiff has sought, should not tip the scale from reasonable to unreasonable."

This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation.  In particular, the Court notes in the September 21, 2010, Order the Magistrate Judge did not conclude Plaintiff's legal analysis lacked merit nor did he request Plaintiff provide a more thorough analysis of the law.  Instead the Magistrate Judge found Plaintiff's Complaint was overly long; included an unnecessary record of Plaintiff's daily interactions with Defendants; was disorganized and included exhibits and diagrams inserted in the middle of it; failed to include all Defendants in the case caption; and had claims seemingly scattered throughout the document.  The Court finds none of these issues requires legal analysis nor extensive research in the law library.  In other words, time in the law library is not required to ensure that all Defendants are listed in the case caption, to place exhibits and diagrams in their proper place in the Complaint, to assemble Plaintiff's legal claims in one location in a coherent manner, or to exclude Plaintiff's log of daily interactions with Defendants to enable the Court and Defendants to adequately discern the factual basis underlying Plaintiff's claims.  Accordingly, Plaintiff has not established a basis on which this Court can conclude it should modify the Findings and

Recommendation.

The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Hubel's Findings and Recommendation (#34). Accordingly, the Court **DENIES** Plaintiff's Motion (#30) for Extension of Time to File Amended Complaint and **DISMISSES** this matter **with prejudice.**

IT IS SO ORDERED.

DATED this 1st day of March, 2012.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge